UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONNY H. CROOK,

        Plaintiff,

v.                                    Case No. 3:05-cv-395-J-20HTS

D. DEVERS,

        Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Ronny Crook, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 12, 2004, in the United States District Court for the Northern District of Florida. Plaintiff filed an Amended Complaint (Doc. #4) on November 29, 2004, claiming that Defendant Devers confiscated his tape player. This case was transferred to this Court for further proceedings on May 2, 2005.

On the civil rights complaint form, Section IV.C. states the following: "Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" There are parenthetical areas to mark either yes or no. Plaintiff marked no on his complaint. Further, within the

Complaint form, Plaintiff was notified: "NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  <u>See</u> Amended Complaint (Doc. #4) at 5.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."

The Court takes judicial notice of Plaintiff's previous filings in this Court:  3:04-cv-80-J-20HTS; 3:04-cv-281-J-20MMH; 3:04-cv-291-J12MCR; and, 3:04-cv-738-J-16HTS.  With regard to the above-listed cases, Plaintiff failed to completely provide the information requested on the form.

This Court has the authority to control and manage matters such as this pending before it.  This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court.  This Court will not tolerate incomplete or false responses and/or statements in any pleading or motion filed for consideration by the Court.  If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice.  Here, Plaintiff has improperly responded to Question IV.C. and failed to describe each action on the civil rights complaint form in Section IV., entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act of 1995. Specifically, prisoners proceeding *in forma pauperis* are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. § 1915(g)[1]. For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form.

It is also noteworthy that Plaintiff has failed to provide all the documentation with respect to the exhaustion of the administrative grievance procedures. Plaintiff has stated that he initiated an informal grievance, a formal grievance and an appeal to the Office of the Secretary; however, he only provided the informal grievance and the response by the officer. If Plaintiff

---

[1] This section is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

refiles, he should provide the appropriate documentation to show exhaustion of the issue. However, before initiating a new case, Plaintiff should review the facts of his claim. While the extent of the claim is somewhat unclear, it appears that any issue regarding the confiscation of his tape player may have been resolved. In the response to the informal grievance, the officer responded that his property was inventoried due to the fact there was a possibility of his being placed in confinement. The officer concludes that he would request that the tape player be returned to Plaintiff Crook. It is therefore unclear as to what claim remains for Plaintiff to litigate and as to how his federal constitutional right(s) were violated.

Thus, this Court is of the opinion that this case should be dismissed <u>without</u> <u>prejudice</u> to give Plaintiff the opportunity to refile a civil rights case in this Court, providing the above-described information with regard to previously-filed cases and to specifically describe how the named Defendant violated his federal constitutional rights. It is also noteworthy that if Plaintiff refiles, he should include, as previously-filed cases, any cases that have been filed prior to his initiation of the new case.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2.  The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.  The **Clerk of Court** shall send a Civil Rights Complaint form and an Affidavit of Indigency form to Plaintiff. In refiling, Plaintiff shall either file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

4.  The Clerk of Court shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 5/5
c:
Ronny Crook

- 5 -